As here presented, there in an absence of a showing of injury to the appellant.

In closing argument, state's counsel referred to the appellant as a " 'peddler' " of marihuana. Upon objection, the trial court promptly withdrew the reference from the jury's consideration.

█ In the light of the facts and the punishment assessed, we cannot bring ourselves to conclude that appellant was prejudiced notwithstanding the withdrawal.

The indictment charged the unlawful "possession" of "a narcotic drug, to-wit: marihuana."

█ This was sufficient, and rendered without merit appellant's claim of indefiniteness. Medina v. State, 149 Tex.Cr.R. 249, 193 S.W.2d 196.

No reversible error appearing, the judgment is affirmed.

---

**V. R. McCULLOM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 28017.**

Court of Criminal Appeals of Texas.

Jan. 4, 1956.

John Howze, Monahans, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

Embezzlement is the offense; the punishment, 5 years in the penitentiary.

Appellant has now filed his personal affidavit requesting the dismissal of the appeal. The request is granted.

The appeal is dismissed.